Case No. 23-1164 (consolidated with 23-1176, 23-1343)

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

TROY GROVE, a division of          )
RiverStone Group, Inc. and         )
VERMILION QUARRY, a division of    )
RiverStone Group, Inc.,            )          Petition for Review of an
                                   )          Order of the National
            Petitioners,           )          Labor Relations Board
                                   )
      and                          )
                                   )          NLRB Nos. 25-CA-276061
NATIONAL LABOR RELATIONS           )          and 25-CA-280390
BOARD,                             )
                                   )
            Respondent,            )
                                   )
      and                          )
                                   )
INTERNATIONAL UNION OF             )
OPERATING ENGINEERS, LOCAL 150,    )
AFL-CIO,                           )
                                   )
            Intervenor.            )

### JUDGMENT

THIS CAUSE came to be heard upon a petition filed by TROY GROVE, a division of

RiverStone Group, Inc., and VERMILION QUARRY, a division of RiverStone Group, Inc.

("Riverstone") to review an Order of the National Labor Relations Board ("NLRB") dated June

22, 2023, in Case Nos. 25-CA-276061 and 25-CA-280390, reported at 372 NLRB No. 94, a

cross-application filed by the NLRB to enforce said Order, and a petition from the International

Union of Operating Engineers, Local 150, AFL-CIO ("Union"). The Court heard argument from

the parties and considered the briefs and agency record filed in this cause. On June 13, 2025, the

Court handed down its opinion granting RiverStone's petition in part, granting the NLRB's

cross-application for enforcement in part, and denying the Union's petition. In conformity therewith, it is hereby:

ORDERED AND ADJUDGED by the Court that Riverstone, its officers, agents, successors, and assigns, shall abide by said order as modified by the Court. (See Attached Order and Appendix).

_____
Judge, United States Court of Appeals
for the District of Columbia Circuit


_____
Judge, United States Court of Appeals
for the District of Columbia Circuit


_____
Judge, United States Court of Appeals
for the District of Columbia Circuit


ENTERED:  ___September 8, 2025___

2

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| TROY GROVE, a division of RiverStone Group, Inc. and VERMILION QUARRY, a division of RiverStone Group, Inc.,<br><br>Petitioners,<br><br>and<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Respondent,<br><br>and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,<br><br>Intervenor. | Petition for Review of an Order of the National Labor Relations Board<br><br>NLRB Nos. 25-CA-276061 and 25-CA-280390 |

## ORDER

The Respondent, TROY GROVE, a division of RiverStone Group, Inc. and

VERMILION QUARRY, a division of RiverStone Group, Inc., Utica and Oglesby, Illinois

("RiverStone"), its officers, agents, successors and assigns shall:

1. Cease and desist from:

   (a) Issuing layoff notices to employees because of their membership in or support for International Union of Operating Engineers Local 150, AFL-CIO ("Union") or any other labor organization.

   (b) In any like or related manner interfering with, restraining or coercing employees in the exercise of rights guaranteed them by Section 7 of the Act.

3

2.     Take the following affirmative action necessary to effectuate the policies of the Act:

    (a)     Within fourteen (14) days from the date of this Order, remove from its files any reference to the unlawful issuance of layoff notices to Lyle Calkins and Brad Lower, and within three (3) days thereafter, notify the employees in writing that this has been done and that the layoff notices will not be used against them in any way.

    (b)     Post at its Utica and Oblesby, Illinois facilities copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 25, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for sixty (60) consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physically posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since February 16, 2021.

    (c)     Within twenty-one (21) days after service by the Region, file with the Regional Director for Region 25 a sworn certification of a responsible official on a form provided by the Region attesting to the steps the Respondent has taken to comply.

---

[1] If the facilities involved in these proceedings are open and staffed by a substantial complement of employees, the notices must be posted within fourteen (14) days after service by the Region. If the facilities involved in these proceedings are closed or not staffed by a substantial complement of employees due to the Coronavirus Disease 2019 (COVID-19) pandemic, the notices must be posted within fourteen (14) days after the facilities reopen and a substantial complement of employees have returned to work. If, while closed or not staffed by a substantial complement of employees due to the pandemic, the Respondent is communicating with its employees by electronic means, the notices must also be posted by electronic means within fourteen (14) days after service by the Region. If the notice to be physically posted was posted electronically more than sixty (60) days before physical posting of the notice, the notice shall state at the bottom "This notice is the same notice previously [sent or posted] electronically on [date]."

4

## APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

**FEDERAL LAW GIVES YOU THE RIGHT TO:**

- Form, join or assist a union;
- Choose representatives to bargain with us on your behalf;
- Act together with other employees for your benefit and protection; and
- Choose not to engage in any of these protected activities.

We will not issue you layoff notices because of your union membership or support.

We will not in any like or related manner interfere with, restrain or coerce you in the exercise of the rights listed above.

We will remove from our files all references to layoff notices issued to Lyle Calkins and Brad Lower and we will notify them in writing that this has been done and that the layoff notices will not be used against them in any way.

TROY GROVE, a division of RiverStone Group, Inc.
VERMILION QUARRY, a division of RiverStone Group, Inc.

5

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TROY GROVE, a division of RiverStone Group, Inc. and VERMILION QUARRY, a division of RiverStone Group, Inc.,

        Petitioners,

and

NATIONAL LABOR RELATIONS BOARD,

        Respondent,

and

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO,

        Intervenor.

Petition for Review of an Order of the National Labor Relations Board

NLRB Nos. 25-CA-276061 and 25-CA-280390

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed the foregoing document with the Clerk of the Court of the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I further certify that the foregoing document was served on all parties or their counsel of record through the appellate CM/ECF system.

/s/ Arthur W. Eggers

---

Arthur W. Eggers